AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

Mariela Itayim )
*Plaintiff* )
v. ) Civil Action No. 0:19-cv-62197-SCOLA
CYS Group, Inc. )
)
*Defendant* )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Callfire, Inc. c/o Corporation Service Company
251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: kaufman@kaufmanpa.com or Kaufman P.A., 400 NW 26th St., Miami, FL 33127 | Date and Time: 11/29/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/30/2019

*CLERK OF COURT*

OR

_____      /s/ Avi R. Kaufman
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
_____, who issues or requests this subpoena, are:

Avi R. Kaufman, Kaufman P.A., 400 NW 26th St, Miami, FL 33127, kaufman@kaufmanpa.com, (305) 469-5881

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 0:19-cv-62197-SCOLA

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:20-mc-00001-VAP-SS   Document 1-1   Filed 01/02/20   Page 3 of 7   Page ID #:7

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO SUBPOENA

## DEFINITIONS

1. "Communication" means oral or written communications of any kind that transmit information, including electronic communications such as emails, online messages, mobile messages, machine-generated messages, and facsimiles; telephone communications; and letters, memoranda, exchanges of written or recorded information, in-person meetings, and events that parties both attend. The phrase "communication between" also means instances where one party disseminates information that the other party receives but does not respond to.

2. "Concerning" means, without limitation, the following concepts: regarding, in connection with, referring to, relating to, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, evidencing, estimating, containing, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

3. "Document" means all documents, information, and items within the scope of Federal Rule of Civil Procedure 34(a)(l)(A), including, without limitation, paper documents, e-mails, communications (as defined above), and all electronically stored information ("ESI") (as defined below) in its native format and all associated metadata. A draft or non-identical copy is a separate document within the meaning of this term.

4. "ESI" means electronically stored information or data and is to be interpreted broadly, as used in the Federal Rules of Civil Procedure and the advisory committee notes thereto, to include all information regardless of the storage media (e.g., hard drive, CD-ROM, DVD, disc, tape, thumb drive, VoiceMail system, or mobile device such as a smartphone, tablet, or cell phone).

5. "Include" and variations of that verb are used to provide examples of the types of documents and communications requested, and should not be construed as limiting a request.

6. "Person" means any natural person or any business, legal, or governmental entity or association.

7. The words "and" and "or" are to be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words is to be interpreted to limit the scope of a request. "And" and "or" encompass both "and" and "or."

8. As used in these requests, the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

## RELEVANT TIME FRAME

Unless otherwise specified, the relevant time period for purposes of these requests is September 3, 2015 through the present, and includes all documents and information concerning events or transactions within this period, even if prepared, received, or reviewed outside of this period.

## REQUESTS FOR PRODUCTION

1. All documents, communications, and electronically stored information concerning Mariela Itayim (telephone number (786) 213-3712).

2. Information or data concerning all calls, including pre-recorded voice calls, made by or on behalf of CYS Group, Inc. using your services, including call logs and recordings or copies of the calls and prerecorded voice messages ("Outbound Telemarketing Calls").

3. Documents sufficient to identify the total number of prerecorded voice calls made by or on behalf of CYS Group, Inc. using your services.

4. All documents, communications, and electronically stored information concerning any software for making Outbound Telemarketing Calls supplied by you to CYS Group, Inc., including technical specifications manuals, instructions, training materials, and electronic documents reflecting source code for the software.

5. Documents sufficient to identify all products or services supplied by you to CYS Group, Inc.

6. All documents, communications, and electronically stored information concerning any training provided by you to CYS Group, Inc.

7. All contracts or agreements with CYS Group, Inc.

8. The identity and contact information (including any databases in which such information is contained) for any and all recipients of Outbound Telemarketing Calls.

9. All documents relating or referring to the manner in which telephone numbers were obtained to make Outbound Telemarketing Calls.

10. All documents relating or referring to the content of Outbound Telemarketing Calls.

11. Any and all complaints or STOP requests received regarding Outbound Telemarketing Calls.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 0:19-cv-62197-SCOLA

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Callfire, Inc. on *(date)* 10/30/2019 .

☑ I served the subpoena by delivering a copy to the named person as follows: Donna Snow c/o Corporation Service Company, 251 Little Falls Dr, Wilmington DE 19808 @ 12:34pm

on *(date)* 10/31/2019 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 10/31/2019

*Server's signature*

Adam Golden
*Printed name and title*
DM Professional Services
501 Silverside Rd, Ste 72
Wilmington DE 19809

*Server's address*

Additional information regarding attempted service, etc.: